THE CITY OF OLNEY

*v.*

J. N. CONOUR *et al.*

*Opinion filed October 23, 1907.*

1. MUNICIPAL CORPORATIONS—*power of special charter city to adopt Local Improvement act.* A city governed by a special charter may, under section 97 of the Local Improvement act of 1897, through its city council, adopt the provisions of such act and the amendments thereto; but until such adoption has been made by an ordinance clear and positive in its terms, the provisions of the special charter must govern in the construction of local improvements.

2. SAME—*what is not an adoption of Improvement act of 1897.* A provision in a sidewalk construction ordinance that "in all the proceedings for assessing, levying and collecting special tax herein provided for, * * * and for letting the contract for said improvements and the payment for said work, * * * every proceeding shall accord with and be governed by" the Local Improvement act of 1897, is not such an adoption of the act as abrogates a provision of the special charter requiring a petition of the majority of property owners before a sidewalk can be built.

APPEAL from the County Court of Richland county; the Hon. JOHN A. MACNEIL, Judge, presiding.

JOHN LYNCH, and T. W. HUTCHINSON, for appellant.

H. G. MORRIS, R. S. ROWLAND, LEVI CLODFELTER, R. F. POWERS, and E. M. ROWLAND, for appellees; J. E. WHARF, *pro se*.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was a petition filed by the city of Olney in the county court of Richland county for the confirmation of a special tax to defray the cost of constructing a cement sidewalk upon several of the streets of said city of Olney. The appellees' property was taxed, and they appeared specially and moved the court to dismiss the petition upon three grounds: First, that the improvement ordinance was passed without the petition of a majority of the property holders whose property fronted upon said improvement, as was required by section 6 of article 7 of the special charter of the city of Olney; second, that the ordinance did not provide that the property owner whose property fronted upon the sidewalk should have forty days after the time at which said ordinance went into effect in which to build the sidewalk opposite his land; and third, that the notice of the passage of the ordinance did not state that the property owner had forty days after the time at which said ordinance went into effect in which to build the sidewalk opposite his land. The court sustained the first and overruled the second and third contentions made by appellees in their motion and dismissed the petition, and the city has prosecuted an appeal to this court and has assigned as error the action of the trial court in dismissing said petition, and the appellees have assigned as cross-errors the court's action in holding that it was not necessary that the ordinance, and the notice of its passage, should state that the property owners had forty days after the ordinance went into effect in which to construct the sidewalk in front of their property.

The city of Olney is governed by a special charter, which provides that a sidewalk to be paid for by special taxation can only be built upon the streets of said city upon the petition of a majority of the property holders whose property fronts upon the improvement, which provision must control in this case unless the city has brought itself within the provisions of either sections 97 or 98 of the Local Improvement act.

Section 97 provides the Local Improvement act may be adopted by ordinance by any city, incorporated town or village; and section 98, that the provisions of said act shall apply wherever authority of law now exists in corporate authorities in this State to levy special assessments or special taxes for local improvements, and for that purpose to use the proceedings or methods provided by article 9 of an act entitled "An act to provide for the incorporation of cities and villages," approved April 10, 1872, in force July 1, 1872.

It is not claimed by the city that it ever, by separate ordinance, adopted article 9 of the act of 1872 or the Local Improvement act of 1897, but it is urged, from certain general expressions found in improvement ordinances passed by its city council prior to 1897, article 9 of the act of 1872 was adopted by the city, and that the Local Improvement act of 1897, and its amendments, were adopted by virtue of section 8 of the ordinance providing for the improvement now under consideration, which section reads as follows: "In all proceedings for assessing, levying and collecting said special tax herein provided for, and for each and every installment thereof, and for letting contract for said improvements and the payment for said work and material, all, each and every proceeding shall accord with and be governed by an act entitled 'An act concerning local improvements,' approved June 14, A. D. 1897, and in force July 1, A. D. 1897, and all amendments thereto."

We do not agree with appellant's contention. The special charter of the city of Olney in express terms provides

that a sidewalk shall not be built in said city, to be paid for by special taxation, other than upon the petition of a majority of the property holders owning property fronting upon the improvement. That provision of the charter secures a valuable right to the property owners of said city in front of whose property sidewalks are to be built under the direction of the city and paid for by special taxation, and that right should not be taken from them unless it be done by clear and positive language. A city council might be willing to adopt the methods provided for by article 9 of the act of 1872 when providing funds for laying a short line of sewer or a few blocks of sidewalk, when they would not be willing to adopt such article 9 in all its terms if the same were to be applied to all local improvements which were to be made in said city during its future history. We think, therefore, that the language found in the improvement ordinances introduced into this record whereby the provisions of article 9 of the act of 1872 are adopted should be confined to the local improvement described in the ordinance in which they are found, and not extended to all local improvements which might be constructed in said city after their passage; and we are also of the opinion the language found in the present improvement ordinance is too uncertain and indefinite to be held to work a repeal of section 6 of article 7 of the special charter of said city, and to amount to an adoption of all the provisions of the Local Improvement act of 1897 and its amendments.

It is doubtless true that under the provisions of section 97 of the Local Improvement act the city of Olney has the power, through its city council, to adopt the provisions of that act and the amendments thereto, but until such adoption has been made by an ordinance, clear and certain in its terms, the provisions of section 6 of article 7 of the special charter of said city must be held to be in force and to govern in the construction of sidewalks in said city. We think,

therefore, the county court did not err in dismissing the petition of the city for want of the necessary property consents.

If we are correct in holding, as we do, that the Local Improvement act of 1897, and its amendments, are not in force in said city of Olney, it follows that the provisions of that act providing for the construction of sidewalks in front of the property owner's property by the property owner are not in force, and the questions whether the right to construct a sidewalk in front of his property by the owner within forty days after the sidewalk ordinance goes into effect, and whether the notice of the passage of the ordinance should contain a provision to that effect, need not now be considered or determined.

Finding no reversible error in this record the judgment of the county court will be affirmed.

*Judgment affirmed.*